SAMUEL BOWLES

V.

JERMAN S. KEATOR ET AL.

*Negotiable Instruments—Notes—Limitations—Sec. 16, Chap. 83, R. S.*

1. One of the rules of interpretation of a new statute is to consider the evils intended to be remedied by its enactment and the remedy sought, and to construe it in such light.

2. The requirement set forth in Sec. 16, Chap. 83, R. S., that the payment or new promise shall be " in writing," does not apply so far as to require the evidence of it to be so preserved, and the words " in writing" have reference alone to the specified new promise to pay.

3. In case part payment is alleged, the trial court should admit all evidence, written or verbal, which tends to establish payment. It is not necessary that any writings to establish or prove such facts be signed by any one, so that they are evidence of transactions actually taking place between the parties, and made at the time or by the consent of the parties to be charged.

[Opinion filed May 25, 1893.]

APPEAL from the Circuit Court of Rock Island County; the Hon. JOHN J. GLENN, Judge, presiding.

Mr. Henry Curtis, for appellant.

Messrs. Sweeney & Walker, for appellees.

Mr. Justice Lacey.  This was an action by appellant in assumpsit on two promissory notes given by appellees, each for $2,000, dated January 1, 1880, payable to appellant in five and six months thereafter, respectively.

The declaration also contained consolidated money counts and to these appellees pleaded the general issue and the statute of limitations of ten and five years.

To the plea of limitation of ten years, the appellant replied, divers payments within ten years next preceding the commencement of the action were made on the said notes in writing by appellees to appellant; also that such payments were evidenced by the writing of the said appellees. As to the plea of five years limitation, appellant replied, payments within five years of the commencement of the action.  To replications seventy-six to eighty-seven and one hundred and twenty-four to one hundred and thirty-five inclusive, to the plea of ten years limitations, in which appellant set up that at divers times after action had accrued and within ten years next prior to the commencement of the action appellees made divers payments to appellant on said notes without averring that the evidence of such payments was preserved in writing, the court sustained the demurrer.

It will be noticed there was a great dearth of replications, only one hundred and seventy-one having been filed.

By the statute of limitations the notes on their face were barred, having run more than ten years from the time they became due.  In order to show a revival of the notes by payment, the appellant offered evidence in connection with the indorsements of payments on the back of the notes, tending to prove that such indorsements thereon were authorized by appellees; hence the notes were taken out of the statute of limitations, being within ten years from the bringing of the action, and in writing.  But the court excluded all such evidence, holding, as we suppose, that by

the statute, the indorsements or acknowledgment or promise to pay must have been in writing, signed by the appellees.

The proof, if admitted, would have been sufficient of payments made in writing on the notes without the requirement of being signed by appellees, to have arrested the running of the statute of limitations. In the rejection of this evidence, we think the court was in error.

Sec. 16 of Chap. 83, R. S., is as follows: "Action on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidences of indebtedness in writing shall be commenced within ten years next after the cause of action accrued; but if any payment or new promise to pay shall have been made, in writing, on any bond, note, bill, lease, contract, or other written evidence of indebtedness, within or after the said period of ten years, then an action may be commenced thereon at any time within ten years after such payment or promise to pay."

It is contended by counsel for appellant that the requirement in the above section, that the payment or new promise shall be "in writing," does not apply so far as to require the evidence of it to be so preserved, and that the words "in writing" have reference alone to the specified "new promise to pay;" that where there is a new promise to pay a note, for instance, without other consideration than contained in the original obligation, such promise, to be effectual to revive the note, must, by the terms of the statute, be in writing, but does not refer to payments, or make any such requirement as to them. If this view of the statute in question be correct, then the court erred in sustaining the demurrer to those replications averring payments on the notes sufficient to revive them, unless the evidence of such payments must have been preserved in writing, such later allegation being omitted.

The question is not free from difficulties, but after a careful examination of the section in question and such authorities as appear to have any application, we are inclined to think that the appellant's views of the meaning of the section are correct. It would be a very awkward and meaningless ex-

pression to say that a payment must be preserved in writing. The evidences of things are only preserved in writing and not acts themselves. On the other hand, a promise to pay may be made in writing, and this the statute plainly requires, in language suitable and appropriate to the purpose.

If the legislature had intended to require the evidence of a payment to have been reduced to writing in order to have the effect of reviving the action, it could and we think would have used language conveying that idea with reasonable clearness; besides, we think the plainer and more reasonable reading of the section would apply the words, "in writing" as only qualifying the words "new promise," and not the word "payment."

One of the rules of interpretation of a new statute is to consider the evils intended to be remedied by its enactment, and the remedy sought, and to construe it in such light. It is according to common experience that if the revival of a note and other obligation may rest in a verbal promise the result of the issue is uncertain. The frailty of human memory and the self-interest of parties may cause the witness to misinterpret conversations and color his evidence to suit the side he desires to win, resulting often in establishing a promise where none was in fact made or intended by the payor or obligor. And then it seems in a high degree appropriate and proper to require the renewal and extension of a written claim to be effected by as high a grade of evidence as the original.

In 1863 the Supreme Court of this State had held, against the contention of the appellant in a suit, that a verbal promise by the maker was sufficient to revive a note or other written instruments already barred by the statute of limitations; in fact, that such a new promise must be regarded in theory the same as a re-delivery of the note by the maker to the payee or holder. Sennott v. Horner, 30 Ill. 429. This was the evil intended to be corrected by the legislature by the passage of the act in question.

As to payment, there was no such necessity, or danger in allowing the law to stand as it had been established for many years. It was something tangible, and less liable to be falsified where the fact did not exist. Hence the statute was left, as to it, as the law stood before its passage. The law was simply re-enacted by the legislature.

The demurrer, therefore, to the replications in question was improperly sustained.

The other contention of appellee, that the writing must also be on the note in order to make it effectual, we need not pass upon, as we hold that no writing at all is required.

The court below should admit all evidence, written or verbal, which legally tends to establish the payments on the notes. And it is not necessary that any writings to establish or prove such facts need be signed by any one, so that they are evidence of transactions actually taking place between the parties and made at the time or by consent of the parties to be charged.

For these errors the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*