TITUS MARECK and Others v. MINNEAPOLIS TRUST COMPANY and Others.

December 16, 1898.

Nos. 11,384—(179).

**Purchase by Trustee at Foreclosure Sale under Trust Deed—Liability of Trustee to Cestuis—Parol Evidence Admissible.**

If a trustee in a trust deed (with power of sale) to secure the indebtedness of the grantor to the cestuis que trustent, at a foreclosure sale, with authority to do so, bids in the trust property in his own name, for the use and benefit of the cestuis que trustent, he is not liable to account for and pay to the beneficiaries the amount for which the property was bid in. The measure of his liability in such case is to account for the specific property bid in, or, in case of his subsequent wrongful conversion of it, for its value or its proceeds, at the election of its beneficiaries. Parol evidence is admissible to show that an action by the trustee to foreclose the trust deed was instituted and prosecuted, and the property sold and bid in by the trustee, for the use and benefit of the cestuis que trustent, at their procurement, and with their consent. Such evidence has no tendency to impeach collaterally the records in the action.

**Rejection of Evidence Offered for One Purpose—Not Reversible Error Because Admissible for Another Reason.**

When evidence is offered accompanied with a statement that it is offered for a particular purpose, its rejection is not reversible error, because it was admissible for another purpose not called to the attention of the court, especially where such other purpose is wholly inconsistent with the theory upon which the proponent is trying the action.

Action in the district court for Hennepin county by the holders of three notes of the Minnehaha Driving Park Association against the Minneapolis Trust Company, and the other note holders of that association, for an accounting by the trust company. The facts are stated in the opinion. The cause was tried before Simpson, J., who ordered that the case be dismissed as against the Minneapolis Trust Company. From the judgment entered in accordance with such order, plaintiffs appealed. Affirmed.

*John F. Byers,* for appellants.

A purchaser at a mortgage foreclosure sale and especially a

mortgagee purchasing at his own sale is not allowed to dispute his bid. Fagan v. Peoples S. & L. Assn., 55 Minn. 437. To allow the trustee to question its bid at the foreclosure sale would be equivalent to allowing it to set aside its own sale, which it could not do. McClure v. Miller, 1 Bailey, Eq. 107; M'Ginn v. Shaeffer, 7 Watts, 412.

G. S. 1894, § 6061, dispenses with the necessity of any transfer of money where the mortgagee purchases at his own sale. Beneficiaries may ratify the purchase by their trustee at his own foreclosure sale, and demand an accounting. Bassett v. Shoemaker, 46 N. J. Eq. 538; Robbins v. Butler, 24 Ill. 387; Hunt v. Bass, 2 Dev. Eq. 292; Jennison v. Hapgood, 7 Pick. 1; Herr's Estate, 1 Grant Cas. (Pa.) 272; Rosenberger's Appeal, 26 Pa. St. 67; Smith v. Frost, 70 N. Y. 65; McNeil v. Gates, 41 Ark. 264; Barr v. New York, 125 N. Y. 263; Hamilton v. Dooly, 15 Utah, 280; Pomeroy, Eq. Jur. §§ 219, 1420; 2 Beach, Mod. Eq. §§ 839, 845, 897.

*Flannery & Cooke* and *A. D. Smith,* for respondents.

The trust company may show that no money was paid or received, or agreed to be paid or received, for the transfer at foreclosure sale. Dayton v. Warren, 10 Minn. 185 (233); Bolles v. Sachs, 37 Minn. 315; Donlon v. Evans, 40 Minn. 501; Ryan v. O'Connor, 41 Oh. St. 368; Smith v. Eckford (Tex.) 18 S. W. 210; Lingenfelter v. Ritchey, 58 Pa. St. 485. In this action it may show the truth of that proceeding, as against the plaintiffs here who were not parties there. Whitcomb v. Hardy, 68 Minn. 265; Lawrence v. Hunt, 10 Wend. 80. A judgment is conclusive by way of estoppel only as to those facts necessary for its rendition. Macomb Sewer-Pipe Co. v. Hanley, 61 Minn. 350; 2 Jones, Ev. § 614.

A proceeding against a trust fund, and against the trustee personally, cannot be had in one action. 2 Perry, Trusts, § 843; Lathrop v. Bampton, 31 Cal. 17; Barker v. Barker, 14 Wis. 142; Darling v. Harmon, 47 Minn. 166; Baker v. Disbrow, 18 Hun, 29. See Chamberlain v. O'Brien, 46 Minn. 80; Trainor v. Worman, 34 Minn. 237. Beneficiaries concurring in the breach of trust are estopped from proceeding against the trustee, or from questioning the propriety of the act. 2 Herman, Est. § 1094; Perry, Tr. §§ 467,

849; Hill, Tr. 526; Vreeland v. Van Horn, 17 N. J. Eq. 137; Wilkinson v. Parry, 4 Russ. 272; Brice v. Stokes, 11 Ves. Jr. 319; Duncan v. Jaudon, 15 Wall. 165; Sherman v. Parish, 53 N. Y. 483.

MITCHELL, J.

The Minnehaha Driving Park Association, a corporation, owned a leasehold estate for the term of 15 years from April 21, 1888, in 56 acres of land near the city of Minneapolis. The association was indebted on its promissory notes to each of 18 different persons, to the aggregate amount of $14,400. To secure the payment of these notes, the association, on January 2, 1891, conveyed this leasehold estate to the Minneapolis Trust Company, in trust, with power to sell the property, and apply the proceeds, or so much as might be necessary, to paying off these notes at maturity. The plaintiffs, holders of some of these notes, brought this action in behalf of themselves and all other holders of notes secured by this trust deed; and after stating the foregoing facts in their complaint, alleged that in January, 1892, the driving park association having become insolvent, and having defaulted in the payment of interest on the notes, the trust company commenced an action in the district court to foreclose the trust deed and procure a sale of the property to satisfy the indebtedness secured thereby, in which action a decree of foreclosure and sale was rendered, under which the property was sold by the sheriff to the trust company for the sum of $13,838, and a certificate of sale executed, which was accepted by it, and that it afterwards procured an order of court confirming the sale.

The complaint further alleged that the plaintiffs had demanded of the trust company that it should account to each of them for his due proportion of the proceeds of the sale of the property, but that it refused, and still refuses, to do so. The relief demanded was that the trust company account to the plaintiffs and the other note holders for their respective shares of the proceeds of the sale, and that each of them have judgment against it for his just proportion of the same.

It will be observed that the complaint does not allege that the trust company ever disposed of the property, or realized or received a cent from it in money; but the plaintiffs proceed upon the theory

that, regardless of any such questions, the trust company is bound to account to them in cash for the amount for which it bid in the property. It will be hereafter seen that they proceeded exclusively upon this theory throughout the trial.

The answer of the trust company was, in substance, that it never did foreclose the trust deed, or sell or bid in the property; that the facts were that all the note holders, in order to protect their own interests, themselves instituted the action to foreclose (using the name of the trust company), conducted the same, procured the decree of sale, sold the property, and had it bid in in the name of the trust company, but for their own use and benefit, and that no money was ever paid to or received by it on accounty of the sale.

Upon the trial, the plaintiffs introduced in evidence the trust deed and the record of the proceedings in the foreclosure action, including the certificate of sale and the order confirming the sale, and rested. Thereupon the trust company introduced evidence tending to prove all the allegations of its answer, except that it appeared from such testimony that the trust company consented to the use of its name as plaintiff in the foreclosure action, and that the holders of one of the notes (Miller & McKinney) never took part in, nor consented to, the foreclosure instituted by the other note holders, but, on the contrary, objected to it. Another of the note holders (Hill) did not at the time join in or give his consent to the proceedings, but, what amounts to the same thing, he has since fully ratified them, and does so expressly in his answer in this case.

The plaintiffs offered no evidence to rebut the evidence introduced by the trust company, but they objected to its introduction, as being incompetent, on the ground that the records of the district court in the foreclosure action could not be impeached collaterally by parol evidence. Conceding that parol evidence would be inadmissible to impeach collaterally the recitals of the record in that case, to the effect that the trust company appeared by attorney, and instituted and prosecuted the action to judgment and execution thereof, yet such evidence was admissible for the purpose of showing that the beneficiaries under the trust deed themselves consented to all that was done and procured the same to be done for their own benefit. This would in no way impeach or contradict the record. This was

all that the evidence amounted to, for it appeared from this very same testimony that the trust company consented to the institution and prosecution of the action by the note holders in its name; and the legal effect of this was the same as if it had itself instituted and prosecuted the action at the request and with the consent of the cestuis que trustent. And if the trust company, at their request or with their consent, bid in the property in its own name, for their use and benefit, then, in any view of the case, the cestuis que trustent could not hold it liable to account to them in money for the amount for which the property was bid in. In such case the trust company would hold the title of the property in trust for the note holders, and all it would be liable to account for would be the specific property itself, or, in case of its subsequent wrongful disposition, for its value or its proceeds, at the election of the beneficiaries.

Upon the undisputed evidence, this would be decisive of the case upon the merits against all the plaintiffs, unless it is Miller & McKinney, who never gave their consent to what was done in the foreclosure action. But we are relieved from the necessity of considering their rights by the admission of plaintiffs' counsel, on the argument of the case, that, irrespective of any consent or request on part of the cestuis que trustent, the trust company had the right to bid in the property in its own name for their benefit, if necessary to prevent a sacrifice of the property at the sale. Assuming such to be the law, it necessarily follows that the rule of accountability of the trust company to Miller & McKinney would be the same as to the other cestuis que trustent, viz., to account, not in money for the amount bid, but for the specific property bid in, or, in case of a wrongful disposition of it, for its value or proceeds, at their election.

There is neither allegation nor proof that the trust company was guilty of any fraud, negligence or failure to exercise ordinary business prudence in bidding in the property. The plaintiffs offered to prove that, after the trust company had bid in the property, it conveyed it by quitclaim to the Minneapolis Driving Club, an association, as we infer, of the large majority, but not all, of the cestuis que trustent under the trust deed. The defendants objected to this

·evidence, on the ground, among others, that it was inadmissible under the pleadings. There can be no doubt that, under proper allegations in the complaint, this evidence would have been admissible to prove a disposition of the trust property which would render the trust company liable to account to the cestuis que trustent, who were not grantees in the deed, for the value or proceeds of the property. It is unnecessary to consider whether this evidence was admissible under the pleadings, for the reason that it was not offered for any such purpose. Counsel for the plaintiffs was still standing, as he had stood throughout the trial, upon the proposition that the trust company was bound to account to the cestuis que trustent in money for the amount for which the property was bid in, regardless of what had been subsequently done with it; and, when the evidence was objected to, he expressly stated to the court that it was offered for the purpose of showing that the trust company had ratified what had been done in its name in the foreclosure action.

Clearly, the plaintiffs were not prejudiced by its rejection for that purpose, for it already appeared that the trust company had authorized the institution and prosecution of the action in its name. And, if it was admissible under the pleadings for the purpose of showing a conversion of the property, the plaintiffs cannot complain of its rejection, for they never offered it for any such purpose, but, on the contrary, expressly limited the offer to another purpose. If there was any abstract error in the ruling, it was the plaintiffs themselves who misled the court. The whole theory on which the case was tried throughout, as well as the express statement as to the purpose of the offer, would naturally and necessarily exclude from the mind of the court the idea that the evidence was either admissible or offered for the purpose of proving a conversion of the property by the trustee.

Judgment affirmed.