(No. 5202. Decided May 8, 1905.)

CHARLES H. BURNETT, JR., *Respondent,* v. ALBERT M. EWING *et al., Appellants.*[1]

APPEAL—EXCEPTIONS—ORDER EMBODIED IN JOURNAL ENTRY. An order refusing leave to file a supplemental complaint is reviewable on appeal without any formal exceptions, where it is embodied in a written order and journal entry in the cause.

PLEADING—SUPPLEMENTAL ANSWER—SUFFICIENCY—LEAVE TO FILE. The fact that a proposed supplemental answer is not sufficiently full and particular to conform to the rules of good pleading is no justification for refusing leave to file it, where it contained the substance of a good defense.

[1] Reported in 80 Pac. 855.

TENANCY IN COMMON—MECHANICS' LIENS—PURCHASE OF OUTSTAND-
ING LIENS — PLEADING — REAL PARTY IN INTEREST — SUPPLEMLNTAL
ANSWER SHOWING PLAINTIFF TO BE TRUSTEE OF COTENANT—SUFFI-
CIENCY. Where the leasehold interests of tenants in common were
being subjected to a mechanics' lien foreclosure, and one B purchased
the interests of the plaintiff and was substituted as party plaintiff
in the foreclosure suit, a supplemental answer by two of the de-
fendants states a good defense to the action, where it alleges that
B was not the real party in interest, but was the agent and trustee
of their codefendant, who had purchased the liens of the plaintiff;
since the codefendant as a tenant in common cannot buy up an out-
standing incumbrance and foreclose against his cotenants without
showing an exclusive liability for the whole thereof; and it is error
to refuse leave to file such an answer.

MECHANICS' LIENS—FORECLOSURE—DEFENSES—PLEADING—SUPPLE-
MENTAL ANSWER SHOWING PAYMENTS—STIPULATION FOR CREDITS PRIOR
TO ENTRY OF JUDGMENT—WAIVER. In an action to foreclose me-
chanics' liens, where the parties agreed in writing that judgment
be postponed and that payments made should be credited on the
liens before the entry of judgment, it is error, on plaintiff's motion
for judgment, to refuse the defendants leave to file a supplemental
answer showing payments made since the commencement of the
action which had not been credited; and the original answer ad-
mitting the amount due on the liens did not waive the enforcement
of the contract.

SAME—CREDITING NOTE ASSIGNED AS COLLATERAL. In such a case,
the defendants are not entitled to have a note, assigned as collateral
security, credited on the liens, without a showing that the note had
been paid or converted to the plaintiff's use.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered December 3, 1903, in favor of
the plaintiff, upon the pleadings and a stipulation, after re-
fusing leave to file a supplemental answer, in an action to
foreclose a mechanics' lien. · Reversed.

*F. C. Park* and *H. D. Moore,* for appellants, upon the
point that the filing of the supplemental answer was a mat-
ter of right, cited: *Wintermute v. Carner,* 8 Wash. 585,
36 Pac. 490; *Wade v. Gould,* 8 Okl. 690, 59 Pac. 11;
*Richwine v. Presbyterian Church,* 135 Ind. 80, 34 N. E.
737; *Peterson v. Albach,* 51 Kan. 150, 32 Pac. 917; *Mc-
Donald v. McDonald,* 34 Wash. 293, 75 Pac. 865; *Brooks*

*v. Moody,* 25 Ark. 452; *Meacham Arms Co. v. Swarts,*
2 Wash. T. 412, 7 Pac. 859; *Fleischner v. First Nat. Bank,*
36 Ore. 553, 54 Pac. 884, 60 Pac. 603, 61 Pac. 345;
*Seehorn v. Big Meadows etc. Road Co.,* 60 Cal. 240; *Var-
riale v. Metropolitan St. R. Co.,* 66 N. Y. Supp. 559; *Harris
v. Elliott,* 48 N. Y. Supp. 1020; *McDaniels v. Gowey,*
30 Wash. 412, 71 Pac. 12; *Belles v. Miller,* 10 Wash. 259,
38 Pac. 1050; *Hilliker v. Simpson,* 92 Me. 590, 43 Atl.
495; *New York v. East Bay Land etc. Co.,* 58 N. Y. Supp.
724; *Crane v. Lowe,* 59 Kan. 606, 54 Pac. 666; *Dennison
v. Willcut,* 3 Idaho 793, 35 Pac. 908; *Williams v. Moore-
head,* 33 Kan. 609, 7 Pac. 226.

*William B. Allison* and *Scott Calhoun,* for respondent,
contended, among other things, that it was discretionary to
refuse leave to file the supplemental answer. 21 Ency.
Plead. & Prac., 20, 43, 73; *Harrington v. Slade,* 22 Barb.
161. The defense was waived. 2 Ency. Plead. & Prac.,
173; *Nisbet v. Lawson,* 1 Kelly (Ga.) 275; *Thompson v.
Perkins,* 57 Me. 290; *Hughes v. Feeter,* 23 Iowa 547;
*Miller v. Macklot,* 13 Ind. 217.

FULLERTON, J.—On February 27, 1903, one Williams,
as plaintiff, began an action in the superior court of King
county, against D'Arcy Kirk and Emma Kirk, his wife,
Albert M. Ewing and Lottie Ewing, his wife, and Olaf Olson,
as defendants, to foreclose certain mechanics' liens on a lease-
hold interest, held by D'Arcy Kirk and Albert M. Ewing,
in lot 12, of block "G," of A. A. Denny's addition to the
city of Seattle. In his complaint the plaintiff alleged that
there was a balance due him from Kirk and Ewing in the
sum of $3,389.50, and that for such sum the liens set forth
in his complaint were liens on the property above described,
superior to the claims and interests of the defendants and
each of them.

Immediately after the action had been commenced, the

plaintiff entered into a written agreement with the defendants Kirk and Ewing, by the terms of which he agreed to take no further action in the case until November 1, 1903. And in consideration of the delay on the part of the plaintiff, the defendants Kirk and Ewing agreed to turn over to the plaintiff all of the rentals, accruing and to accrue from the property between the date of the agreement and the date last named, to assign to him as further security a note and chattel mortgage held by them, of the face value $1,120, and to file an answer to the complaint admitting their liability for the amount sued for therein. It was further agreed that all sums paid before November 1, 1903, either for rentals, from collections on the note, or from other sources, should be credited on the lien claims prior to the rendition of judgment, and, if sufficient amount should be paid to satisfy the claims, then the action should be dismissed. The defendants thereupon assigned to the plaintiff the note and mortgage mentioned, and filed an answer to the complaint, admitting all of its allegations.

The matter rested in this condition until about August 20, 1903, when the plaintiff, Williams, sold and assigned all of his interests in the action, and the claims and demands mentioned therein, to Charles H. Burnett, Jr., who was thereupon substituted as the plaintiff. On November 2, 1903, Burnett moved for judgment on the pleadings, which motion was duly served on Kirk and Ewing, and noted on the motion calendar. Thereupon the defendants Ewing and wife applied to the court for leave to file a supplemental answer, tendering the answer along with the application, supporting it by an affidavit to the effect that the allegations therein contained were true. This answer, in substance, alleged that Burnett was not the real party in interest, but was the agent and trustee of the defendant Olaf Olson; that Olson had in fact purchased the liens, and that Burnett was holding them for his use and benefit; that Olson and the answering defendants held the leasehold in-

terest on which the liens were sought to be foreclosed, as tenants in common, and that they, as tenants in common with Olson, claimed the benefit of the purchase of the outstanding incumbrances on the common property. Further answering, they alleged that they had paid on the claims, since filing their original answer, the sum of $204.60, and had turned over to the plaintiff a note and mortgage for $1,120, no part of which had been credited upon the indebtedness represented by the liens. They prayed that the action be dismissed on the first defense interposed, or, in the alternative, that they have credit for the amount paid and the amount of the note, as set out in the further defenses.

The court refused to permit the answer to be filed, and entered judgment finding that the defendants were indebted to the plaintiff for the full amount stated to be due in the liens, and decreeing that the liens be foreclosed, and that the interests of all the defendants, except Olaf Olson, be sold to satisfy the amount found due thereon. The defendants Ewing and wife appeal from the judgment.

The respondent first objects that the appellants are not entitled to be heard to question the order of the court refusing to permit them to file their supplemental answer, because they did not except to the order. But the order was one embodied in a written order and journal entry in the cause, and was a self-excepting order, under Bal. Code, § 5051. No formal exception was necessary to make the order reviewable in this court.

It is next urged that the answer itself is incomplete and insufficient, in that it does not set out with particularity and fullness the matters sought to be alleged. But this is not a reason for denying the appellants the right to answer at all. Doubtless, if the answer did not conform to the rules of good pleading, it would have been proper for the respondent to have moved against it after it was filed in the cause, but inasmuch as it contained the substance of a

good defense, to show that the defense was defectively stated
was not a sufficient reason for refusing to permit it to be
filed.

It is said, however, that the answer does not even contain
the substance of a good defense. We think it does. If it
be true that Olson is a tenant in common with the appellants,
in the ownership of the leasehold interest, he cannot buy
up the outstanding incumbrances on that interest and fore-
close them against his cotenant; at least, not without some
allegation showing that his cotenant is liable for the whole
amount of such incumbrances and that he is not liable for
any part of the same. No such showing appeared here. So
far as the record discloses Olson's interests in the common
property were subject to these liens. True, counsel in their
brief have made a case for him, but we find in the record
no support for the case made in the brief.

But, if there were no merit in this branch of the case, the
second defense stated in the answer required that the court
permit it to be filed. It was there alleged that a part pay-
ment had been made on the amount due on the liens, which
had not been credited thereon. By the express terms of the
agreement entered into at the time the action was com-
menced, the appellants were entitled to have all sums so
paid credited on the liens prior to the entry of judgment
thereon, and the answers originally filed did not amount to
a waiver of the right of the appellants to enforce this part
of the agreement.

With regard to the note assigned as additional security,
the appellants could have the amount thereof credited on
the lien indebtedness only in case the note had been paid,
or the assignee had converted it to his own use. The answer
does not make it clear whether either of these conditions
had occurred at the time the answer was tendered, and is
defective in that respect. However, it can be corrected, if
moved against, after leave to file is granted.

The judgment appealed from is reversed, and the cause

remanded, with instructions to grant the application of the appellants to file a supplemental answer.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.