## Carl P. L. Ott et al., Appellees, v. Leopold Flinspach, Administrator, Appellant.

1. STATUTE OF LIMITATIONS—*when indorsement upon note does not toll.* Indorsement of a payment by the payee does not toll the running of the statute in the absence of corroborative evidence of such payment.

2. STATUTE OF LIMITATIONS—*what tolls running of 10-year period.* While a new promise must be in writing to toll the running of the 10-year statute, a payment made upon a note is sufficient to toll the statute, if established by parol evidence.

3. STATUTE OF LIMITATIONS—*when payment by executor tolls.* A payment by an executor of a deceased maker of a note will

toll the statute, if such executor had power to pay the just debts of the deceased.

4. TENANTS IN COMMON—*when co-tenant cannot enforce face value of claim.* A tenant in common who purchases a lien claim against the common estate can only enforce the same as against his co-tenants to the extent of the amount paid for such claim with legal interest.

Bill for partition. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1907. Reversed and remanded with directions. Opinion filed December 7, 1907. Rehearing denied, May 20, 1908.

JOHN E. POLLOCK and JOHN G. BOEKER, for appellant.

JESSE E. HOFFMAN, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a bill by appellee for the partition of certain real estate in the city of Bloomington. Appellant, a defendant to the original bill, filed a cross-bill in the cause seeking to foreclose a mortgage on a part of the premises, given to secure the payment of a promissory note held by his intestate. The chancellor held upon the hearing that the note in question was barred by the Statute of Limitations and dismissed the cross-bill for want of equity.

The note involved, which is for the principal sum of $1,500, is signed by Louis Flinspach, is payable to the order of Collon D. James, on the first day of April, 1877, with interest at the rate of ten per cent. per annum from date until paid, interest payable semi-annually, and is secured by a mortgage of even date therewith upon the property in question and executed by Flinspach and wife to James. It bears the following indorsements:

1. "Received interest on the within bond in full to April 6, 1885. Collon D. James."

2. "For value received I hereby assign and transfer the within bond to Francis X. Wochner. C. D. James."

3. "Nov. 2, 1893. There is now due on this note and the mortgage that secures it the sum of $1,839.05."

4. "Aug. 27, 1903. Received of Katherine Flinspach fifty and no 100 dollars of the principal on within note. The said Katherine Flinspach being executrix of the will and testament of Louis Flinspach, deceased."

5. "Without recourse. Albert Wochner, executor of Francis X. Wochner."

The only question presented by this appeal is whether the note in question is barred by the Statute of Limitations, or whether the statute was tolled by the payments thereon.

The first indorsement of the payment of interest to April 6, 1885, purporting to have been made by James, the payee, is not sufficient, in the absence of corroborative evidence of such payment, to toll the statute. Wellman v. Miner, 179 Ill. 326.

The third indorsement is shown by the evidence to have been made under the following circumstances. On November 2, 1893, Flinspach, the maker of the note and Francis Wochner to whom the note had been assigned, met at the office of James S. Neville who was acting as the attorney of Wochner. Neville computed the amount of principal and interest then due upon the note and found the same to be $1,930. Flinspach thereupon presented a bill for blacksmithing due from Wochner to him amounting to $91.95, which by the direction of Wochner was deducted from the amount due upon the note leaving $1,839.05 still due thereon. The third indorsement was then placed upon the note by Neville. We think the latter indorsement thus corroborated and explained, sufficiently established a payment upon the note by the maker and served to toll the statute for an additional period of ten years. While it is essential under the statute that a new

promise to pay must be in writing, it is not necessary as contended by counsel for appellee, that the evidence of a payment should be in writing. Parol evidence is sufficient. Bowles v. Keator, 47 Ill. App. 98; Willett v. Maxwell, 68 Ill. App. 120; s. c., 169 Ill. 540.

It is not controverted that on August 27, 1903, Katherine Flinspach, appellant's intestate, while acting as the executor of the will of her deceased husband, Louis Flinspach, paid to the executor of the will of Wochner, who was then deceased, the sum of $50, which appears upon the note as the fourth indorsement. It is contended by counsel for appellee that such payment was unavailing to toll the statute inasmuch as no special authority was conferred upon Katherine Flinspach by her husband's will to make such payment, and that therefore she could not by making the same, toll the statute as against the rights of the heirs or remaindermen of the real estate. We are of opinion that the executrix had ample authority to make the payment in question as executrix. By his will the testator directed the payment of all his just debts and authorized his executrix to sell and convey all or any part of his estate for that purpose. Said will further provided that after the payment of the indebtedness, his widow should have the use of the remainder for and during her natural life, and that upon her death the same should be equally divided among the children of the testator. Where the personal representatives of a deceased person has unquestioned authority from his decedent to make payment upon an indebtedness, his acts therein will bind those whom he represents to the extent of creating a new promise and bringing an indebtedness otherwise barred from out the Statute of Limitations. Waughop v. Bartlett, 165 Ill. 135. We therefore conclude that the note in question was not barred by the Statute of Limitations at the time the cross-bill was filed, and further that the mortgage given to secure

the payment of such note was a valid and existing lien upon the real estate conveyed thereby.

We do not think, however, that appellant is entitled to enforce the mortgage lien as against appellees for the full amount due upon the face of the note. Katherine Flinspach purchased the note for $810 which was much less than the amount then actually due thereon, and she was at the time of such purchase the life tenant of the property in question. Appellant therefore is only entitled in equity to a decree for the sum of $810 with interest thereon from the date of the purchase until decree.

Where a tenant in common purchases an encumbrance upon land held by himself and others as co-tenants, such purchase will inure to the equal benefit of all such co-tenants. Mauzy v. Dazey, 114 Ill. App. 652, and cases there cited.

The decree will be reversed and the cause remanded with directions to the Circuit Court to enter a decree consistent with the views herein expressed.

*Reversed and remanded with directions.*