Warren A. Lathrop, Appellee, v. Robert R. Carrol, Impleaded, Appellant

Gen. No. 15,136.

STATUTE OF LIMITATIONS—*when foreclosure proceeding not barred.* The statute which bars foreclosure unless the proceeding is commenced within ten years after the right of action accrues, does not operate as a bar until after the lapse of ten years from the last payment made on the note secured by the trust deed sought to be foreclosed.

Foreclosure. Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed June 2, 1910. Rehearing denied June 23, 1910. *Certiorari* denied by Supreme Court (making opinion final).

A. B. CHILCOAT, for appellant; W. P. BLACK, of counsel.

GEORGE W. BROWN, for appellee.

Mr. Justice Freeman delivered the opinion of the court.

The defendant, appellant herein, encumbered certain described property by a trust deed to Baird and Bradley of Chicago to secure a note for $1,500 dated August 1, 1892, payable in five years with interest at six per cent evidenced by ten coupon notes. The principal note contained a clause as follows: "And if the time for the payment of the principal sum shall be extended the provisions of said note shall continue in force during the period of such extension and until the sums hereby secured are fully paid." Subsequently September 27, 1893, a second mortgage was executed to another party to secure a note for $130; and August 11, 1905, a third mortgage or trust deed was executed securing a note for $400 of that date, payable to Warren A. Lathrop, the complainant herein. The latter having purchased the $1,500 note secured by the first mortgage, filed his bill on the 28th of October, 1907, to foreclose the said first trust deed and also the trust deed given to secure the $400 note to complainant.

It is claimed in behalf of the defendant that more than ten years had elapsed after the maturity of the $1,500 note when this foreclosure suit was commenced, that there was no written agreement to extend the time of payment of that note after its maturity, that no interest payments were endorsed on the note in defendant's presence or with his knowledge or consent, and that he is not indebted to complainant in the sum of $1,500. The note contains endorsements as follows: "Int. paid to February 1, 1898" and "Int. paid to Feb. 1, 1905." There is evidence tending to show that the interest had been actually paid from time to time up to the dates as shown by said endorsements, which were made when the note was transferred to complainant, from memoranda made at the different dates when such payments of interest were actually made to the then holder of the note. These separate payments were not themselves endorsed on said note at the dates

when they were made. There is evidence however to the effect that the ten original interest coupons evidencing the interest agreed to be paid on the $1,500 note were all paid and that all the additional interest accruing on said principal note up to the first of February, 1905, was also paid, and the defendant does not deny these payments. A receipt for $45.50 dated April 5, 1898, signed by Baird & Bradley by a cashier who testified at the hearing, and purporting to be for interest due April 1, 1898, was produced by defendant from his files, as he testified, and was introduced in evidence by complainant. The evidence shows conclusively that defendant had designedly paid the interest on this $1,500 note within less than ten years of the time when the present foreclosure suit was begun, and thus acknowledged the obligation.

The statute of limitations provides (R. S. of 1905, p. 1333, sec. 16) that actions on promissory notes ''shall be commenced within ten years next after the cause of action has accrued;'' but that ''if any payment or new promise to pay shall have been made in writing on any * * * note * * * within or after the said period of ten years, then an action may be commenced thereon at any time within ten years after the time of such payment or promise to pay.'' The words ''if any payment or new promise to pay shall have been made in writing,'' do not require the evidence of the payment to be preserved in writing, but only requires the new promise to pay to be in writing. Bowles v. Keator, 47 Ill. App. 98. In Schifferstein v. Allison, 123 Ill. 662, the meaning of section 11, chapter 83, R. S. is construed. That section is as follows: ''No person shall commence an action or make a sale to foreclose any mortgage or deed of trust in the nature of a mortgage unless within ten years after the right of action or right to make such sale accrues.'' The court says: ''The mortgage or deed of trust confers, not upon its holder but upon the holder of the debt, the right to resort to the property described for its pay-

ment, and so it is impossible that an action or right to make a sale shall accrue unless it shall accrue under the debt. What therefore the word 'accrue' means in the 16th section it must mean in this section''—(section 11 above quoted)—''the two must be construed together; and thus construing them, it is quite apparent that the cause of action or right to make a sale is to be regarded as having accrued after the last payment endorsed upon the indebtedness.'' Any payment of interest or part of the principal renews the mortgage so that an action may be brought to enforce it within the statutory time after such last payment. 2 Jones on Mortgages, sec. 1198, p. 150. The action in the case at bar was brought within ten years after the payment of interest on the note for $1,500 in controversy, and was not barred by the statute of limitations.

The judgment of the Superior Court will be affirmed.

*Affirmed.*