## F. D. SMITH AND OTHERS v. G. J. GERRETSON AND OTHERS.[1]

February 18, 1927.

No. 25,782.

**Cotenants not entitled to money judgment against their cotenant.**

Plaintiffs and defendant Dr. Gerretson, cotenants of lands upon which was a mortgage, defaulted. Dr. Gerretson who had, unknown to plaintiffs, bought the mortgage at a discount, and who, to raise money so to do, had pledged it as collateral to a loan from the defendant bank, caused the mortgage to be foreclosed and be bid in in the name of the bank for the full amount of the mortgage debt, which was several thousand dollars more than the amount he paid for the · mortgage. In this action to recover their share of the difference between the amount bid and the loan for which the bank held the mortgage as ·collateral, it is *held*:

That upon the admission of the bank that it held the sheriff's certificate only as collateral for its loan, and of Dr. Gerretson that plaintiffs are entitled to share in the discount at which he bought the mortgage, plaintiffs are not entitled to a money judgment, and the judgment entered is right that, on payment by any one of the cotenants of his one-fourth of the amount Dr. Gerretson paid for the mortgage, with interest and cost of foreclosure, he is entitled to hold an undivided one-fourth interest in said sheriff's certificate.

Tenancy in Common, 38 Cyc. p. 40 n. 56; p. 46 n. 82.

Plaintiffs appealed from a judgment of the district court for Dodge county, Senn, J. Affirmed.

*Murphy & Johanson*, for appellants.

*Sawyer, Gausewitz & Lord, McCaughey & McCaughey* and *Granger & Clemens*, for respondents.

HOLT, J.

Plaintiffs appeal from a judgment granting them certain relief. The facts are these: Plaintiffs and defendant Dr. G. J. Gerretson

[1]Reported in 212 N. W. 453.

bought a farm as a business venture, the cost and the profit thereof to be shared equally. They gave a purchase money mortgage to the vendor, one Peterson, for $18,000 dated April 14, 1920, and bearing 5 per cent interest. The parties attempted to operate the farm, Dr. Gerretson being the principal manager, but the result was unprofitable and taxes and interest on the mortgage became in arrears. The mortgagee died, and his widow, to whom the mortgage had been decreed, had placed it as collateral with the defendant bank to secure a loan of $2,000. Dr. Gerretson learned that the widow was willing to dispose of the mortgage at a discount, and after negotiations she sold the same to him for $13,345.25; of that amount $3,600 was paid by Dr. Gerretson assigning to her a mortgage he owned. To raise the cash needed Dr. Gerretson procured his two brothers, also defendants herein, each to give a note for $4,500 to the defendant bank, the Peterson mortgage of $18,000 to be held by it as collateral security for the payment of said two notes. Mrs. Peterson received the amount coming to her after deducting her debt to the bank. When this transaction was made, Dr. Gerretson did not consult plaintiffs, and he thought that he could do it for his sole use. Thereafter the parties failed to pay the amount required for taxes and interest, and Dr. Gerretson, with the consent of the bank, foreclosed the mortgage in its name, the farm being bid in for the full amount of the mortgage debt with interest and expenses of foreclosure, and the sheriff's certificate issued to the bank.

This action was brought for an accounting of the profits accruing from the purchase and foreclosure of the mortgage and also to hold the bank liable to plaintiffs for their share of the amount the farm was bid in for above the amount due on the two notes of Gerretson's brothers, to which the mortgage was collateral. At the trial the bank admitted that it held the sheriff's certificate of foreclosure merely as security for the two notes mentioned, and that it was ready and willing, upon receiving payment of said notes, to assign and transfer the certificate to whomsoever was entitled thereto. The attorneys for the Gerretsons also admitted that plaintiffs could not be excluded from sharing in the benefit from the deal with Mrs. Peterson, and at the trial offered to allow judgment to be entered,

that defendant Dr. Garretson was the actual purchaser of the note and mortgage, and that each of the plaintiffs might share in such purchase by paying, within such times as the court might deem reasonable, his proportionate share of the purchase price, with interest from the date of purchase, and of $291.68, the expenses of foreclosure; but plaintiffs refused such offer.

The judgment the court directed was to the effect that the bank holds the sheriff's certificate of sale as security for the $9,000 notes of Dr. Gerretson's brothers and interest thereon at 8 per cent from September 15, 1925; that Dr. Gerretson is the owner of said certificate subject to the lien of the bank; that any one of plaintiffs may share therein by paying, on or before March 15, 1926, to the bank, one-fourth of the amount paid by Dr. Gerretson for the $18,000 mortgage, to-wit, $13,345.25 with interest at 6 per cent from September 12, 1924, and the expenses of foreclosure of $291.68, and that upon such payment being made Dr. Gerretson and the bank shall assign to the one making it an undivided one-fourth interest in said sheriff's certificate, and the bank shall apply the payment equally upon the two notes of Dr. Gerretson's brothers; that if any of the plaintiffs fail to pay as provided he be barred of all right, title, interest and equity in said certificate; that Dr. Gerretson has fully accounted to plaintiffs for all proceeds of the farm and is not indebted to any of them on account of his management thereof; and that the court retain jurisdiction of this action until after March 15, 1926, when and upon proof as to whether or not any of the plaintiffs shall have made such payment as provided final judgment be entered.

Error is assigned upon nearly every finding of fact and upon each conclusion of law. But it will not be necessary to discuss each assignment of error separately. Only one ruling during the trial is questioned, namely, that the attorney who foreclosed the mortgage was permitted over plaintiffs' objection to testify that he had no instructions from any officer of the bank with reference to the amount which should be bid at the foreclosure sale. The answer was harmless. The bank allowed the mortgage to be foreclosed in

its name as assignee, and it cannot escape from the legal consequences thereof whether or not its officers authorized a specific sum to be bid.

The appellants are technically right in claiming that no issue was made by the pleadings or in the course of the trial, that Dr. Gerretson had fully accounted to the plaintiffs for all receipts and expenditures in operating the farm and hence the finding to that effect is without support. But since no claim was made by plaintiffs that anything is due them on account of the venture of purchasing this farm, other than the share in the profit resulting from the purchase of the mortgage from Mrs. Peterson, the finding is not out of place, but merely confines the dispute to that one matter. Nor is the particular time at which plaintiffs learned of the purchase of the mortgage of any moment to a decision herein. They admit knowledge thereof within three weeks after it occurred, yet took no steps to assert their rights until this action was brought in August, 1925.

We think the record very clearly reveals that Dr. Gerretson at the time of the deal thought he had the legal right to buy and hold the mortgage for his sole use and exclude plaintiffs from sharing in the bargain. In this he was mistaken because of the rules of law applicable to cotenants. But this mistake as to his legal rights, even if combined with a wrongful intention, did not forfeit his share or give plaintiffs more than the law would allow them had there been no such mistake of legal rights or wrongful intent on the part of Dr. Gerretson.

The court below disposed of the case so far as concerned Dr. Gerretson exactly as if he had made the deal for the mortgage in behalf of all the cotenants. In order to put it through he contributed his mortgage of $3,600, some cash of his own, and procured the loan from the bank of $9,000, in all $13,345.25. He pledged the mortgage to the bank to secure the $9,000 loan. He also had the right as against plaintiffs, if they desired to share in the benefit of the deal with Mrs. Peterson, to hold the mortgage as security for what he advanced besides the loan. Plaintiffs did not question the right to foreclose the mortgage, or the validity of the

foreclosure, but assert the right to a money judgment for three-fourths of the amount at which the farm was bid in at the foreclosure sale, less the amount due the bank upon the $9,000. We think they were not entitled thereto. It is clear that the bank did not foreclose the mortgage in order to collect upon the $9,000 loan. It permitted Gerretson to foreclose in its name because of default in the payment of the $18,000 debt the mortgage directly secured. It knew that Dr. Gerretson had advanced over $4,000 in addition to the $9,000 it loaned him for the purchase of the mortgage, and that he had as much right to hold it as against plaintiffs to secure such advance as to pledge it to the bank. So, in justice to all parties, if the bank itself had foreclosed, it should have protected Dr. Gerretson to the extent stated. That is precisely what the judgment accomplishes. Had Dr. Gerretson, with direct approval of plaintiffs, bought the mortgage and raised the funds as he did, and thereafter they had defaulted in the payment of their share, and Dr. Gerretson had then caused the mortgage to have been foreclosed in this same manner, except that the bid would have been just enough to cover the amount he paid Mrs. Peterson for the mortgage, interest and costs of foreclosure, could there be any question but that both in law and equity the legal rights of plaintiffs and the defendants would have been exactly as the judgment provides? We think not.

Since the validity of the foreclosure was in no manner assailed in this action, but the reverse, plaintiffs accepting it as legal and valid, they have by the judgment the full benefit of the deal with Mrs. Peterson and even more, for they were separately allowed to redeem their share from the foreclosure. No doubt Oliver v. Hedderly, 32 Minn. 455, 21 N. W. 478, persuaded counsel for Dr. Gerretson to admit at the trial that he must share with his cotenants the benefit from the deal with Mrs. Peterson, and justified the judgment. We also think Mareck v. Minneapolis Trust Co. 74 Minn. 538, 77 N. W. 428, is authority for the legal conclusion of the court that the bank could hold the sheriff's certificate as collateral security for its loan the same as it held the mortgage, and that it was not guilty of any wrong towards plaintiffs for which it should be

mulcted in damages by permitting Dr. Gerretson to change by the foreclosure the security from a mortgage into a sheriff's certificate, plaintiffs having made a default.

In no view can plaintiffs upon the facts presented by this record be entitled to a money judgment against any one of defendants, and the court undertook to and did grant them all the relief they showed themselves entitled to.

The judgment is affirmed.