[No. 25686. Department Two. October 22, 1935.]

KATHRYN BUCHANAN, *Respondent,* v. FIRST NATIONAL BANK OF SEATTLE, *as Executor, et al., Defendants,* JAMES LAWRENCE RYAN, *Appellant.*[1]

186

*O. H. Horton,* for appellant.

*Little & Collett* and *Robert W. Reid,* for respondent.

HOLCOMB, J.—Respondent and appellant, both of Colfax, Washington, acquired by devise from Catherine Meister, deceased, a small piece of real estate situated in Seattle, Washington, which was subject to a mortgage executed by Catherine Meister in favor of August Schroder and Ada Schroder for four thousand dollars, payable February 27, 1932. The property also became subject to liens for taxes and assessments aggregating $1,533, which had long been delinquent and were being foreclosed at the time of the mortgage foreclosure herein, which suit had proceeded to judgment and the property advertised for sale.

After the purchase of the Schroder mortgage by respondent on October 4, 1934, she commenced an action in King county to foreclose it against appellant and others, for the sum of four thousand dollars, with interest from February 27, 1931, and for taxes and assessments paid by her.

Appellant filed a general demurrer to the complaint, which was, in part, sustained. Respondent was allowed to file an amendment to the complaint, to be known as paragraph VI-A, as follows:

"That although the plaintiff purchased and became the owner of said note and mortgage on August 3rd, 1934, and immediately notified the defendants Ryan thereof, the said James Lawrence Ryan and Jane Doe Ryan, his wife, have neither tendered nor paid, nor offered to tender or pay said James Lawrence Ryan's proportionate share of the price necessarily expended in acquiring the mortgage and note as hereinbefore set out for the purpose of preventing its foreclosure by the said August Schroder and Ada Schroder; that more than a reasonable time has elapsed since the same was acquired by this plaintiff and said defendants still refuse and neglect to pay, tender or offer to pay the said James Lawrence Ryan's proportionate share of the price so necessarily expended by the plaintiff herein."

Appellant did not demur to the complaint as amended, but filed his answer, affirmatively alleging that respondent had paid only the sum of one thousand dollars for the mortgage in the suit, and that appellant had always been ready to pay his proportionate share of the necessary expenditures. No reply was filed to the affirmative matter in the answer of appellant.

The case was thereupon set for trial by the lower court on February 11, 1935, on which date a trial was held, and appellant did not appear therein in person or by attorney. Judgment for the entire amount was granted, with costs and $250 as a reasonable attorney's fee. Appellant thereupon appealed.

No statement of facts is before us, and the findings are incorporated in the decree.

Preliminary to the principal decree are recitals therein to the effect that the First National Bank of Seattle, as executor of the estate of Catherine Meister, deceased, appeared by its attorney; that no answer or appearance had been made by or on behalf of defendant Sun Beem Neon Corporation, and its default had

been regularly entered; that the written motion of defendant James Lawrence Ryan and Jane Doe Ryan for continuance was denied, it being made to appear to the court that they and their attorneys had seventeen days notice that the trial had been set by the court for February 11, 1935.

The first assignment of error urged by appellant is that the court erred in not sustaining his demurrer in full.

It is argued by appellant that a tenant in common cannot purchase an encumbrance against the common property and maintain an action in foreclosure against a cotenant, by reason of which the amended complaint does not state facts sufficient to constitute a cause of action against appellant.

The amendment to the complaint, paragraph VI-A, shows that, after respondent had purchased and become the owner of the mortgage, she offered to do equity upon appellant's paying or tendering his proportionate share of the expenses necessarily expended in acquiring the mortgage, which was refused by appellant.

"It is a settled rule, also, that, if the cotenant would share in the adverse title acquired by the purchasing tenant, he must pay, or tender payment of, his proportionate share of the price necessarily expended in acquiring the title, and must exercise the privilege within a reasonable time. [Citing authorities.] What will constitute a reasonable time depends much upon the facts of the particular case, but the authorities all agree that whatever delay is occasioned must be entirely consistent with fair dealing, and not attributable to an effort to retain the advantages of the purchase while the responsibilities attending upon it are shirked. . . .

"Equity does not oblige a cotenant to pay out his money to protect the common title. It rather permits him to do so, and converts him into a trustee when

he has done so. But it equally lays an obligation upon the other cotenants to reimburse him for his outlay, and a failure to reimburse him within a reasonable time will be taken as an election on their part to allow him to take the title he has acquired for his individual use. [Citing cases.]'' *Dwight v. Waldron,* 96 Wash. 156, 164 Pac. 761.

■ Moreover, appellant did not demur to the complaint as amended, but answered to the complaint as a whole. He thus waived and abandoned that question.

■ There is no merit, therefore, in the contention that the complaint as amended did not state facts sufficient to constitute a cause of action against appellant as a cotenant of respondent. However, respondent has placed herself of record in this case by a statement in her brief that

''. . . she has been and still is willing to assign to him [appellant] an undivided one-half interest in the certificate of purchase, if he will, within a reasonable time before the expiration of the period of redemption, pay his one-half of the amounts expended by her with interest and the costs to which she has been subjected.''

Respondent still offers equity to her cotenant.

Although we are powerless to compel the performance thereof now, that appears to be the only relief for which appellant may hope and is in accordance with the rule in this state as stated in *Dwight v. Waldron, supra.*

■ Another assignment of error is that it was error in the trial court to not allow appellant's motion to vacate the order setting the case for trial. Since the decree of the trial court recited that appellant had seventeen days notice of the trial, it is obvious that there was no abuse of discretion in treating that motion as a motion for continuance and denying it. *DeHaven v. Tomer,* 170 Wash. 524, 17 P. (2d) 21.

■ Another contention urged is that the trial court erred in making finding XIII in the decree, which reads:

"That prior to the purchase of the mortgage being foreclosed herein by the plaintiff, her cotenant James Lawrence Ryan agreed to and with the plaintiff that the mortgage encumbrance was greater than the value of the property covered thereby and said James Lawrence Ryan then and there consented for the plaintiff to purchase the said mortgage and foreclose the same; that he would assert no interest in and to the property for the reason he was not in a position to join in the purchase of said mortgage."

The evidence not being before us, we must conclusively presume that there was competent evidence to support that finding and it cannot be disturbed.

What we have said disposes of the last assignment that the court erred in making and entering the judgment and decree.

The decree is affirmed.

MAIN, BEALS, BLAKE, and MITCHELL, JJ., concur.