KNESEK et al. v. MUZNY.

No. 30168.   Oct. 6, 1942.

*129 P. 2d 853.*

M. A. Cox and P. D. Erwin, both of Chandler, for plaintiffs in error.

Embry & Embry, of Chandler, for defendants in error.

ARNOLD, J. On the 26th day of December, 1928, Frances Muzny, a widow, Frank Muzny and Mary Muzny, his wife, and Vincent Muzny, a single man, executed a promissory note to J. W. Adams, and on the same date secured the same by a real estate mortgage on the south half (S.½) of the northeast quarter (N.E.¼) of section 17, township 13 north, range 6 east, and an undivided 7/15th interest in the southwest quarter (S.W.¼) of section 23, township 13 north, range 5 east. On said date Frances Muzny was the owner of the south half (S.½) of the northeast quarter (N.E.¼) of section 17, and she, as widow, and Frank Muzny and Vincent Muzny, as heirs of the husband and father, deceased, were the owners of an undivided 7/15ths interest in the southwest quarter (S.W.¼) of section 23. Frances Muzny died on the 11th day of September, 1931.

On the 13th day of December, 1937, for a consideration of $4,500, Sylvia Muzny acquired, by assignment from J. W. Adams, the mortgagee, said mortgage, together with another mortgage not involved herein. To obtain the money necessary to purchase said mortgage she and Albert Muzny, her husband, executed a note on the 14th day of December, 1937, to the First National Bank of Prague, Okla., for $4,500 and secured the same by mortgage on the interest of Albert Muzny in the property above described.

Sylvia Muzny brought this action to foreclose the mortgage above referred to. The defendants below were Frank Muzny and Mary Muzny, his wife, and Vincent Muzny, mortgagors, and the heirs of Frances Muzny, deceased. Albert Muzny, husband of the plaintiff, was one of the heirs of Frances Muzny, deceased, and was a defendant below. The said defendants appeared personally, or in their representative capacity; Albert Muzny appeared for himself and as administrator of the estate of Frances Muzny.

Albert Muzny is the owner of approximately 7/10th interest in a portion of the premises involved herein and an undivided 1/10th interest in the balance thereof. The plaintiffs in error, who constituted a part of the defendants below, and the defendants in error with the exception of Sylvia Muzny own the land involved herein as tenants in common.

Defendants filed their separate answers in their respective capacities. A trial was had to the court, a jury being waived, and after hearing the evidence the court ordered a foreclosure of the mortgage in the amount of $8,633.27, together with interest and attorney's fees. It further ordered payment of the First National Bank of Prague note and mortgage, on which there was due a balance of $2,000, out of the proceeds of the sale of the premises, thus recognizing and decreeing the mortgage of said bank a lien against the interest of the plaintiff and defendant Albert Muzny.

The named defendants, Mary Knesek, Robert Knesek, Frank Muzny, M. J. Muzny, Stella Muzny, Bernice Muzny,

Marie Muzny, Adolph Muzny, Anna Ferguson, and Martha Dickerson, appealed and have filed their separate petitions in error. In their joint brief they assert: (1) That the court is without power to order a foreclosure of the J. W. Adams mortgage for the full amount in the name of Sylvia Muzny; that Sylvia Muzny, as the wife of Albert Muzny, holds the property in trust for the benefit of the cotenants; and (2) that the statute of limitations has run against the action on the Adams mortgage.

We can readily dispose of the proposition that the statute of limitations has run against the mortgage. The mortgage was executed the 26th day of December, 1928. From time to time payments were made thereon, the last payment having been made on February 7, 1938, in the sum of $1,493.36. Both the administrator, Albert Muzny, and the former guardian of the minor children who have since become of age, testified that the payments were made by and with the consent of all the parties interested. We find no merit in the contention that the statute of limitations has run against the mortgage indebtedness.

It is next urged that the purchase of the mortgage by the plaintiff, Sylvia Muzny, was a fraud on the remaining contenants and that equity will not aid her in acquiring an interest in the premises adverse to the other contenants. In support of this theory defendants cite Coburn v. Page, 105 Me. 458, 74 Atl. 1026, 134 A. S. R. 575; Burnett v. Kirk, 39 Wash. 45, 80 P. 855; Arthur v. Coyne, 32 Okla. 527, 122 P. 688; Burt v. Steigleder, 132 Okla. 217, 270 P. 54, together with other cases from this court and outside jurisdictions.

It is the general rule that when a cotenant purchases an outstanding mortgage upon the common property it does not merge but inures to the benefit of the other cotenants upon contribution of the proportionate part of the purchase money. See annotation in 46 A. L. R. at page 336; 14 Amer. Jur. at page 120, § 51. Also, in this connection,

see Arthur v. Coyne, supra. It is also generally held that the purchase thereof by the spouse of one cotenant likewise inures to the benefit of the other cotenants. This is true, although the purchase is made by the wife in a jurisdiction where the common-law disabilities of a married woman are wholly done away with. See annotation 54 A. L. R. 879; Beaman et al. v. Beaman, 90 Miss. 762, 44 So. 987. The cotenants desiring to participate therein must contribute or offer to contribute a proportionate part of the purchase price within a reasonable time, otherwise they will be deemed to have repudiated the transaction and to have elected to allow the purchaser to retain the title for his own individual benefit. 14 Amer. Jur., page 127, secs. 58 and 59; Hodgson v. Federal Oil & Development Co. 274 U. S. 15, 71 L. Ed. 901, 47 S. Ct. 502, 54 A. L. R. 874; Rutland Savings Bank v. Norman et al., 125 Kan. 797, 266 P. 98. Also, see 71 A. L. R. 444.

A tenant in common may acquire a mortgage covering the common property, take an assignment therefor and hold it until the other cotenants contribute their proportionate share of the amount actually paid by him, together with the legal interest thereon. See annotation in 46 A. L. R. at page 336; Von Emon v. Mosing, 36 Okla. 555, 129 P. 2, L. R. A. 1917C, 590; vol. 4, Thompson on Real Property, § 1871. The right to obtain an assignment of the mortgage and hold it until contribution is made by the other cotenants certainly carries with it the right to enforce the mortgage by foreclosure to the extent of the amount paid therefor if they fail to so contribute. The cotenants cannot be prejudiced by such a rule. They can retain their share of the property by payment of the proportionate part of the amount paid for the mortgage, together with the legal interest thereon and the costs of the foreclosure action, including a reasonable attorney's fee. Baker v. Flood, 103 Mass. 474; Butler & Thompson Co. v. Hostettler et al., 153 Ore. 565, 58 P. 2d 236; Smith et al. v. Gerretson et al., 170 Minn. 268, 212 N. W. 453; Buchanan v. First National

Bank of Seattle et al., 184 Wash. 185, 50 P. 2d 520; Ott et al. v. Flinspach, 143 Ill. App. 61, 14 Amer. Jur., at p. 129, § 60; 62 C. J. pp. 473, 474, and 475, §§ 110, 111, and 112.

We are therefore of the opinion, and hold, that the plaintiff, Sylvia Muzny, can maintain this action to enforce said mortgage assigned to her against her husband's cotenants only to the extent of their proportionate part of the amount actually paid by her for such assignment, together with legal interest thereon and the costs incurred, as against their proportionate share in the property; that any of the cotenants may retain his share of the property by payment of his proportionate part of the judgment, interest, and costs any time up to the expiration of the period of redemption.

The record herein discloses that the plaintiff paid $4,500 for the assignment of two mortgages; that the mortgage not involved in this case was fully liquidated by the payment of $290; that the amount paid for each mortgage was not specified; both being handled as one transaction. It is our conclusion, in view of the evidence, that the amount paid for the mortgage involved herein was $4,210. Legal interest on that amount from the date of the assignment, December 13, 1937, to February 7, 1938, is $38.50, making a total amount due on that date of $4,248.50. On February 7, 1938, a payment of $1,493.36 was received and applied on said mortgage, leaving a balance due of $2,755.14.

The trial court is therefore directed to enter judgment for foreclosure in the amount of $2,755.14, together with interest at 6 per cent from February 7, 1938, until paid, a reasonable attorney's fee and costs.

Judgment reversed, with directions.

RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. WELCH, C. J., and CORN, V. C. J., absent.