### ANNE M. BARKER *vs.* JOHN FLOOD.

A mortgage is not discharged by its assignment to one of two tenants in common of the equity of redemption, and may be foreclosed by the assignee.

WRIT OF ENTRY to recover a parcel of land in Lowell. At the trial in the superior court, before *Rockwell,* J., it appeared that Patrick Flood, being seised in fee of the demanded premises, mortgaged them in 1854 to Joshua Bennett, and in 1859 died intestate; that his sons, John Flood, (the tenant,) and Peter Flood, were his heirs; and that Peter Flood paid Bennett the amount due on the mortgage, took an assignment thereof to himself in 1860, made an entry to foreclose in 1861, a certificate of which was duly recorded, and in 1868 conveyed the premises to the demandant by a warranty deed.

The judge ruled that on these facts the action could not be maintained, and by consent of the parties reported the case to this court; if the ruling was correct, judgment to be ordered for the tenant; otherwise the case to stand for trial.

*T. Wentworth & A. F. Jewell,* for the demandant.

*G. Stevens & W. S. Anderson,* for the tenant.

CHAPMAN, C. J. The debt which the mortgage was given to secure was due from Patrick Flood, the mortgagor, and not from his heirs. By his death, his heirs became tenants in common, not of the legal estate, but of the equity of redemption. Neither of them was under any personal obligation to pay the debt; but each of them had an interest in acquiring the legal title, in order to prevent his interest in the equity from being lost by foreclosure of the mortgage. If Peter purchased the mortgage and took an assignment of it to himself, it would be for his interest that it should remain in force, as a security for the payment of the proportion due on it from his cotenant. And as he was under no obligation to his cotenant, who had paid nothing, the assignment would take effect according to his interest, and could not be regarded as a discharge for the benefit of John Flood. *Strong* v. *Converse,* 8 Allen, 557, and cases

cited. If he held the legal title in mortgage, there is no reason why he should not be permitted to exercise his rights as assignee of the mortgage by foreclosure. He might take possession as mortgagee. His own interest in the equity of redemption would not prevent his holding under the higher title. His brother John could not be prejudiced; for he might redeem by payment of half the mortgage debt, and would thereupon hold his moiety of the land free from the incumbrance.

*Case to stand for trial.*