JOHN W. SCANLON vs. WALTON A. PARISH.

First Judicial District, Hartford, March Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

Because of the confidential relation between tenants in common with respect to the common property, equity does not permit one tenant in common to buy in an outstanding title or incumbrance, and hold it for his exclusive benefit to the prejudice of his cotenants.

A tenant in common making such a purchase holds it in trust for all the cotenants in proportion to their respective shares in the common property; but each cotenant must within a reasonable time elect whether he will contribute his equitable share, for, if he does not elect to so contribute, the purchaser, even though he became a purchaser voluntarily, may enforce his lien against the interest of such cotenant for his proportionate part of the purchased incumbrance.

To permit a tenant in common to thus enforce a mortgage obtained by purchase is not prejudicial to any cotenant, for it makes it possible for such cotenant to redeem his share by a tender of his proportionate part of the mortgage debt, whereas, before the purchase, he could not have redeemed by a tender of less than the whole debt.

Although it is the general rule in this State that there is a merger of the legal and equitable estates when the two are united in the same person, yet in equity the estates are frequently treated as distinct. Thus a cotenant of the equity, purchasing an outstanding mortgage, need not proceed by an action for contribution, but is subrogated to the rights of the mortgagee.

Where the only error assigned is the overruling of a demurrer to the complaint, this court cannot consider other circumstances claimed by the defendant to affect the equities of the parties but which do not appear in the complaint. The defendant should have taken advantage of such circumstances in his subsequent pleadings.

Argued March 5th—decided April 9th, 1912.

SUIT to foreclose a mortgage of real estate, brought to the Superior Court in Tolland County and tried to the court, *Ralph Wheeler, J.*, upon a demurrer to the complaint; the court overruled the demurrer and subsequently rendered judgment for the plaintiff, from which the defendant appealed. *No error.*

*Andrew J. Bowen*, for the appellant (defendant).

*Andrew J. Broughel* and *Birdsey E. Case*, for the appellee (plaintiff).

THAYER, J. The complaint shows that the plaintiff and defendant are tenants in common, each of an undivided one half, of an equity of redemption in land which is described in the complaint, and that since they became cotenants the plaintiff has acquired title, by assignment for a valuable consideration, to the mortgage sought to be foreclosed. The note which the mortgage secures was given by a former owner of the land, and, so far as appears, neither the plaintiff nor the defendant is personally liable upon it. The circumstances attending the plaintiff's acquisition of the note and mortgage do not appear; but both parties, in their briefs and oral arguments, have spoken of it as a purchase. It does not appear from the complaint that the plaintiff was compelled to purchase it, nor that the defendant requested him to do so. Before the action was brought, the plaintiff demanded of the defendant payment of one half the amount due upon the note; but he did not pay. The complaint is demurred to upon the ground that it appears that the plaintiff and defendant are tenants in common of the mortgaged property; and it is not alleged, and does not appear, that the defendant requested the plaintiff to buy the mortgage, nor that the plaintiff was compelled to purchase the same. The question presented, therefore, is whether one tenant in common may voluntarily, and without a request from his cotenant, purchase an outstanding mortgage, and, after vainly demanding from the cotenant contribution of his equitable share of the mortgage debt, foreclose him of his equity.

In *Young* v. *Williams*, 17 Conn. 393, 398, we held that

where one tenant in common is compelled to pay off a mortgage, and takes to himself a transfer of the legal title, he may call upon his cotenant to pay his propor-·tionate share of the mortgage, or be foreclosed of his right to redeem. It is claimed that this rule does not apply where the outstanding mortgage has been voluntarily purchased, but that such purchase inures to the benefit of all the cotenants.

Equity does not permit one tenant in common to buy in an outstanding title or incumbrance, and hold it for his exclusive benefit to the prejudice of his cotenants. Such a confidential relation with respect to the common property is said to exist between such tenants that it would be inequitable to allow one of them to do with respect to the property that which would be prejudicial to the others. *Van Horne* v. *Fonda*, 5 Johns. Ch. (N. Y.) 388, 407; *Venable* v. *Beauchamp*, 3 Dana (Ky.) 321; *Coburn* v. *Page*, 105 Me. 458, 461, 74 Atl. 1026; *Rothwell* v. *Dewees*, 2 Black (67 U. S.) 613, 618.

A tenant in common who thus purchases an outstanding incumbrance or title is generally said to hold it in trust for all the cotenants in proportion to their respective shares of the common property. His cotenants, within a reasonable time, may elect whether they will contribute their equitable share and secure the benefit of the purchase. If they do not elect to contribute, the purchaser cannot compel them to do so, except to the extent of their interest in the common property. He may enforce his lien against that for its proportionate part of the purchased incumbrance. To do this is not to assert the purchased title against his fellow-tenants for his exclusive benefit. It is giving them the benefit of the purchase, if they choose to take it upon payment of their proportionate share of the cost.

In a case like the present, the cotenant's share of the property is held for the full amount of the mortgage

debt while the mortgagee continues to hold it, and cannot be redeemed by a tender of less than the whole debt without the mortgagee's consent. He is not prejudiced by a purchase by his cotenant, which makes it possible for him to redeem his share by a tender of his proportionate part of the debt.

There are cases, like *Leach* v. *Hall*, 95 Iowa, 611, 619, 64 N. W. 790, which hold that by the purchase of an incumbrance upon the common property a tenant in common does not become subrogated to the rights of the mortgagee, and must therefore proceed by an action for contribution. In this State, the general rule is that there is a merger of the legal and equitable estates when the two are united in the same person, as by the purchase of the mortgage by the owner of the equity; yet in equity the estates are frequently treated as distinct, and the holder of the mortgage is subrogated to the rights of the mortgagee. *Bassett* v. *Mason*, 18 Conn. 131, 136. In *Young* v. *Williams*, 17 Conn. 393, it was held that the tenant in common, who had paid the mortgage indebtedness and taken to himself an assignment of the legal title, was subrogated to the rights of the mortgagee as to the proportional part of the mortgage which it belonged to her cotenants to pay. In the present case, we see no reason why the same rule should not apply, and none why he should not exercise his rights as assignee of the mortgage by foreclosure. *Barker* v. *Flood*, 103 Mass. 474, 475; 1 Jones on Mortgages (6th Ed.) § 849.

It is said by the defendant that "there are circumstances showing doubt concerning the consideration for the assigned mortgage and if there was no consideration or if for less than the face value of the note the defendant is entitled to share in the benefit." There are no such circumstances appearing in the complaint. If there are such, or any other circumstances affecting the

equities between the parties, the defendant could take advantage of them by his subsequent pleadings. The case is before us upon a demurrer, and the only question presented thereby is the one which we have discussed. The demurrer was properly overruled.

As, by reason of this appeal, the judgment as rendered cannot have been executed within the time assigned, the time limited for redemption and for the issuance of execution are extended from the sixth and eighth days of April, respectively, to the twenty-seventh and twenty-ninth days of April, 1912.

There is no error.

In this opinion the other judges concurred.