JAMES EDWARD BIGGINS, JR., Appellant, *vs.* ESTELLA DUFFICY, Appellee.

*Opinion filed February 21, 1914.*

1. LIMITATIONS—*when a tax deed acquired by husband of one co-tenant is not color of title.* One tenant in common cannot acquire color of title by procuring for her exclusive benefit an outstanding adverse title, including a title acquired by purchase at a sale for taxes imposed on the common property during the common ownership; and this rule extends to the husband of such co-tenant. (*Busch* v. *Huston,* 75 Ill. 343, followed.)

2. SAME—*possession of one co-tenant may be adverse.* Ordinarily the possession of one co-tenant is the possession of all, but it may become adverse, provided he asserts exclusive ownership and denies all right or title in his co-tenants, either by means of a formal notice or by such overt acts of exclusive ownership as give notice to the co-tenants that an adverse possession and disseizin are intended to be asserted, and in such case the Statute of Limitations will run and the right of the co-tenants become barred.

3. SAME—*when right of co-tenant is not barred.* The right of a co-tenant who has inherited an undivided one-third interest in land is not barred by the mere fact that another co-tenant and her husband have been in possession of the land and paid the taxes thereon for over twenty years, where their possession first began by virtue of the wife's ownership of an undivided one-third interest in the land, continued unchanged in character after the husband acquired a tax deed based on a sale of the land for taxes imposed during the common ownership, and remained unchanged after the wife recognized the rights of another tenant in common by purchasing his interest.

4. SAME—*when possession of husband cannot be adverse to that of wife.* Where a co-tenant takes possession of the property with

her husband under her ownership of an undivided interest in the land, and they continue to reside together upon the land after the husband has acquired a tax deed based upon a sale of the land for taxes imposed during the common ownership and after the wife has purchased the interest of another tenant in common, the possession of the husband is not adverse to the wife nor a denial of her title, and whatever may be the nature of her possession as against another co-tenant, the husband cannot claim any benefit from it.

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

MCINERNEY, POWER & BYRNES, for appellant.

RICE, LOWES & O'NEIL, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, James Edward Biggins, Jr., filed in the circuit court of Cook county his application to register title in him in fee simple to real estate in Chicago, basing his title on a tax deed as color of title with possession and payment of taxes, and also on adverse possession for more than twenty years. The appellee, Estella Dufficy, a minor, by her guardian *ad litem,* answered denying that appellant was the owner of the whole title and filed a cross-application to register her title to an undivided one-third. An examiner of titles took the evidence and reported that the appellant was the owner of an undivided two-thirds and the appellee, Estella Dufficy, was the owner of the other undivided one-third, subject to the dower of her father, Cornelius Dufficy. The court heard exceptions, overruled them, and entered a decree confirming the titles of the parties as reported by the examiner and ordering the same registered.

Michael Nolan was the owner of the premises. He died intestate July 26, 1875, leaving as his heirs-at-law Mary Nolan, John Nolan, Thomas Nolan, Patrick Nolan and Edward

Nolan, his children, who each became seized of an undivided one-fifth part. Thomas died in 1878 and Patrick died in 1879, both intestate and neither having been married, leaving their sister, Mary, (now Mary Biggins,) and their brothers, John and Edward, their only heirs-at-law, each of whom then became the owner of an undivided one-third. John Nolan died intestate in 1880, leaving as his only heir-at-law his daughter, Mamie Nolan, who afterward married Cornelius Dufficy, and the undivided one-third of John Nolan descended to Mamie Nolan. On March 6, 1882, a tax deed was executed to David G. Hamilton, and on March 21, 1882, he quit-claimed all interest in the property to James Biggins, the husband of Mary Biggins. Michael Nolan had occupied the premises as a home, and after getting the deed from Hamilton, James Biggins and Mary Biggins took possession. Afterward Edward Nolan lived with them, and on April 27, 1886, he executed a quit-claim deed of his interest to Mary Biggins, so that Mary Biggins then had two-thirds of the fee and Mamie Dufficy one-third. Mamie Dufficy died intestate in 1900, leaving Cornelius Dufficy, her husband, and Estella Dufficy, her infant child, who is now about fifteen years of age, her only heir-at-law. James Biggins paid the taxes during his occupancy for the years 1881 to 1910, inclusive, and on April 11, 1911, he and Mary Biggins executed a quit-claim deed to their son, the appellant, James Edward Biggins, Jr.

One claim of the appellant is that he is the owner in fee simple of the premises by virtue of the tax deed to Hamilton and the quit-claim deed to James Biggins, constituting color of title, with possession and payment of taxes. The law, as frequently declared, is, that one tenant in common cannot acquire color of title by procuring for his exclusive benefit an outstanding adverse title, including a title acquired by purchase at a sale for taxes imposed on the common property during the common ownership. (*Burgett v. Taliaferro*, 118 Ill. 503; *Goralski v. Kostuski*, 179

id. 177; *Hanna* v. *Palmer,* 194 id. 41; *Peabody* v. *Burri,* 255 id. 592; *Carpenter* v. *Fletcher,* 239 id. 440.) If Mary Biggins had herself acquired the tax title it would have inured to the benefit of all the tenants in common, and in *Busch* v. *Huston,* 75 Ill. 343, the disability was extended to the husband of one of the tenants in common. It was there held that where the husband of one tenant in common purchases an outstanding encumbrance he must be held to have purchased for the benefit of all the tenants in common, upon condition, only, that they shall contribute their respective proportions of the consideration paid. That was a case of a sale for non-payment of taxes, and in view of the ordinary relation of the husband to his family as the head and business manager, the doctrine of the case is both reasonable and just. Mary Biggins was one of the tenants in common with her brother, Edward, and her niece, Mamie Dufficy, and she was as much bound to pay the taxes as either of the others. When her husband bought the tax title from Hamilton he must be held to have bought it for his wife and her co-tenants, and could not claim anything under the seven years Statute of Limitations for want of color of title, even if his possession was adverse.

Ordinarily the possession of one co-tenant is the possession of all, but it may be adverse, provided he asserts exclusive ownership and denies all right or title in his co-tenants, either by means of a formal notice or by such overt acts of exclusive ownership as give notice to the co-tenants that an adverse possession and disseizin are intended to be asserted. If such conditions exist the Statute of Limitations will run and an action by the co-tenants out of possession will be barred after the statutory period has elapsed. (*Waterman Hall* v. *Waterman,* 220 Ill. 569; *Long* v. *Morrison,* 251 id. 143; *Roberts* v. *Cox,* 259 id. 232.) The possession of James Biggins and his wife, who was the owner of an undivided one-third of the premises until 1886 and of an undivided two-thirds afterward, was the

possession of both. She could not be said to be out of possession while living in the premises, and his possession could not be adverse to her or have the character of a denial of her right or title. He had the tax deed, which it is not claimed had any validity. She was in possession jointly with him and was the owner of an undivided two-thirds of the fee, and whatever the nature of her possession as against Mamie Dufficy and her heir, Estella Dufficy, might be, he could not claim any benefit from it. In 1886 she recognized the title of another tenant in common by taking a deed from Edward, and there is no reason for saying that she or appellant denied the title of one tenant in common while recognizing that of another. The appellant did not show a title in fee simple under either statute of limitations, and the decree is right.

The decree is affirmed.

*Decree affirmed.*