HORACE E. SEYMOUR, Plaintiff, *v.* ETHEL SEYMOUR, Defendant.

Supreme Court, Lewis County, April, 1923.

**Real property — tax deed — lease by life tenant to his son if he pay taxes — sale for unpaid taxes — purchase of certificate by son's wife — life tenant may have such conveyance set aside.**

Where an obligation rests upon one in respect of the property of another, the violation or omission of which results in a sale of the property, the party owing the duty is disqualified from becoming a purchaser at such sale on his own account.

In 1914 the owner of a small house and lot died intestate survived by her husband and four children. In 1918 the husband as life tenant leased the property to his son, one of the tenants in common, upon condition that he pay the taxes and keep the building in repair, and ever since the son and his wife have been and now are residing upon the property which in due time was sold for non-payment of the taxes for 1919. Before the expiration of the time to redeem, the son's wife bought the certificate of sale and took an assignment thereof. In an action against the son's wife, to whom when the time to redeem had expired the county treasurer deeded the property, to have said conveyance declared void and canceled of record, *held*, that the acts of defendant as alleged and proved constituted a constructive fraud upon the plaintiff, the life tenant, as well as on the others interested, even if defendant did not so intend, and that plaintiff was entitled to judgment setting aside the deed, with costs.

ACTION to set aside a tax deed.

*Charles S. Mereness, Jr.*, for plaintiff.

*Perry G. Williams*, for defendant.

EDGCOMB, J. Louisa Seymour died in December, 1914, leaving her surviving the plaintiff, her husband, and four children, Jesse J. Seymour, Bertha Alberson, May Stoddard and Clinton Seymour. At the time of her death she was seized of a small house and lot in the town of Martinsburg, Lewis county. In 1918 the plaint ff, the life tenant of this real estate, leased the same to his son, Clinton Seymour, one of the tenants in common of the property, upon condition that the son would pay the taxes and keep the building in repair. Thereafter Clinton and his wife, the defendant in this action, moved on the property, and ever since have been and now are residing thereon. The son failed to comply with the terms of his agreement and neglected to pay the 1919 taxes. In due course of time the property was sold for non-payment of these taxes, and was bid in by Samuel J. Neff. Before the time to redeem had expired, defendant bought the certificate of sale of Neff and took an assignment thereof. When the time to redeem had expired the county treasurer of Lewis county deeded the

property to her, and she now claims title to said premises by virtue of that deed. This action is brought by the plaintiff to declare said conveyance void, and to have the same canceled of record.

If Clinton Seymour, instead of his wife, had taken this deed it would be indisputable but what the transfer to him would have been for the benefit of all the owners and not for his exclusive profit. It is well settled that where an obligation rests on one in respect to the property of another, the violation or omission of which results in a sale of the property, the party owing the duty is disqualified from becoming a purchaser at the sale on his own account. *Bennett* v. *Austin*, 81 N. Y. 309.

Clinton was a cotenant of this property with his other brothers and sisters. One tenant in common cannot purchase for his own exclusive benefit an outstanding claim against the property. If such a purchase is made it will inure to the benefit of all. *Knolls* v. *Barnhart*, 71 N. Y. 474, 480; *Carpenter* v. *Carpenter*, 131 id. 101; *Burhans* v. *Van Zandt*, 7 id. 523; *Turner* v. *Walker*, 40 Misc. Rep. 379.

A mortgagor who is obligated to pay the taxes on property cannot permit the property to go to a tax sale and bid it in himself, and by such purchase cut off the mortgage. *Powell* v. *Jenkins*, 14 Misc. Rep. 83.

In the absence of any agreement to the contrary, the obligation to pay the taxes assessed against real estate is imposed upon all the tenants in common, and the burden rests no heavier on one than the other. A confidential relation exists between tenants in common, and one cannot take advantage of a situation, which he is as much to blame for as the others, for his own personal benefit, and at the expense of the other tenants. In the instant case defendant's husband had made a binding agreement that he would pay this impost. He neglected and failed so to do. Equity will prevent him from taking advantage of his own default to acquire the title of his cotenants and of the life tenant.

But in the case at bar the money to redeem the taxes was not paid and the deed was not taken by the one who was obligated to pay the taxes, but by the wife of such party. Can the rule be carried far enough to include the wife, and make the deed to her invalid? Concededly defendant knew of the obligation which rested on her husband to pay these taxes when they became due. She says the reason they were not paid was because " they did not have the money." Yet later, when the situation had so changed that payment would apparently inure to her personal benefit, she seems to have had no great difficulty in obtaining the necessary cash to purchase the certificate of sale.

The wife of a trustee as well as the trustee himself is prohibited

from purchasing the property of a *cestui que trust* on a sale. This disability does not spring from the common-law incidents of coverture, but from the closeness of the wife's relationship to the trustee. *Davoue* v. *Fanning,* 2 Johns. Ch. 252; *Taylor* v. *Klein,* 47 App. Div. 343; affd., 170 N. Y. 571; *Tyler* v. *Sanborn,* 128 Ill. 136; *Dundas's Appeal,* 64 Penn. St. 325.

In *Davoue* v. *Fanning, supra,* a trustee under a will by previous arrangement permitted certain property of the estate to be bid in at public auction for his wife and executed a deed in trust for her. Held, that the sale should be set aside.

In *Dundas's Appeal, supra,* the executors sold to the wife of one of them certain real estate of their testator. It was held that the sale to the wife was as much evidence of unfairness as if it had been made to the trustee himself.

In *Tyler* v. *Sanborn, supra,* an agent reported to his principal an offer to purchase certain property for a specified sum. The offer was accepted by the principal, and the deed was sent to the agent for delivery on payment of the money. The party making the offer finally declined to make the purchase. The wife of the agent agreed to take the property at the price named, and paid the money to her husband, and took the deed. This was done without the knowledge of the principal, and no fraud in fact was intended. Held, that the sale by the agent to his wife was fraudulent in law and should be set aside.

In *Lingke* v. *Wilkinson,* 57 N. Y. 445, the court says, at page 451: " The peculiar nature of the relationship between a husband and wife has been held to invalidate transactions resulting in the transfer of property, held in trust, to or for the benefit of the wife, and to prevent dealings between them affecting the subject of the trust."

The same rule applies to others holding intimate relations with the trustee. The clerk of an attorney cannot purchase trust property (*Poillon* v. *Martin,* 1 Sandf. Ch. 569), nor can the clerk of a broker employed to sell lands buy such property. *Gardner* v. *Ogden,* 22 N. Y. 327.

It is true that in the above cases the act which was subsequently condemned was done by the trustee himself and not by his wife, or clerk, while in the case at bar, so far as the record shows, the wife rather than the husband was the actor. But these cases point out the danger which lurks in allowing a wife to do what a husband could not, on account of his fiduciary relationship to the party affected.

I think that the spirit of the rule which forbids Clinton Seymour from taking a tax deed to these premises for his own exclusive

benefit embraces his wife, and stops her from doing that which he could not lawfully do.

The close relationship which exists between husband and wife, the mutual influence of one upon the other, to say nothing of the pecuniary interest which one has, or may have, in the property of the other, is sufficient to cast a suspicion upon a sale of this kind. If it is permitted it would open an avenue to fraud and abuse, and would make it easy to accomplish, in an indirect way, that which the law says cannot and should not be done.

There is no allegation in the complaint of any actual fraud. Neither is there affirmative evidence of any deception deliberately practiced by the defendant or her husband for the purpose of gaining an unlawful or undue advantage of the plaintiff or the other persons interested in this property. The general rule is that fraud will not be presumed, and that it must be proven. But the acts of the defendant, as alleged in the complaint and as shown by the evidence, constituted a constructive fraud upon the plaintiff, as well as on the others interested in the property; they operated as a fraud even if the defendant did not intend them to be such. Equity regards her acts as wrongful, and it gives to them the same effect which it would grant in a case of actual fraud, and applies the same remedy. In other words, the transaction itself is deemed fraudulent in law. Under such circumstances an affirmative allegation of fraud in the complaint, and proof of such allegation, is not necessary. A statement of the facts and proof thereof constitutes a fraudulent transaction in law and is sufficient. *Fulton* v. *Whitney*, 66 N. Y. 548, 555.

Judgment is ordered for the plaintiff setting aside the deed in question, with costs. Findings, if not agreed upon, may be settled before me upon two days' notice.

Judgment accordingly.