JENNIE SKOLNICK *v.* LOUIS SKOLNICK ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued November 10, 1944—decided February 7, 1945.

*Joseph I. Sachs,* with whom, on the brief, was *Harry L. Edlin,* for the appellant (named defendant).

*William Dimenstein,* with whom was *Louis Shafer,* for the appellee (plaintiff).

DICKENSON, J. The plaintiff, wife of the defendant Harry Skolnick, brought this action to foreclose a mortgage which had been given by him and his father, the defendant Louis Skolnick, on property they owned jointly, and which she claims to have acquired by gift from her husband. Louis appeals from the judgment for the plaintiff upon the ground that there was no completed gift of the note and mortgage from Harry to the plaintiff; that the transaction was illegally designed to defeat his interest and that of subsequent mortgagees; and that the purchase of the mortgage inured to his benefit as cotenant.

Louis assigns error in the failure of the trial court to adopt his draft finding and otherwise attacks the finding as made. With such corrections of it as he is entitled to and as are necessary for a determination of the issues, the controlling facts are as follows: Louis and Harry acquired the property in suit jointly in 1925. It was then subject to a mortgage held by the Connecticut Savings Bank of New Haven. Harry executed a note to Louis for $5000 and a mortgage upon his undivided one-half interest. This mortgage was not recorded. No payments were made or asked for on the note nor, prior to the commencement of this action, did Louis intend to enforce its payment. In 1930, Louis and Harry executed a second mortgage to Bessie Alpert as security for their joint and several note for $6000. On May 28, 1934, they executed an assignment of rents to her and she appointed Harry as her agent to collect rents. Thereafter, she threatened to foreclose her mortgage because there was not sufficient income from the property applied to her mortgage indebtedness. On December 31, 1941, Harry made out

his check for $2000 to his wife, the plaintiff, she indorsed it and he gave it to Bessie Alpert at the office of his attorney as the purchase price of her mortgage and note, which she, at Harry's request, assigned to the plaintiff.

The trial court found that the transaction amounted to a completed gift of the Alpert mortgage to the plaintiff. This finding is attacked. Louis contends that the evidence discloses that there was no intention to make a gift and no sufficient delivery to constitute one. Intention is a question of fact, and the testimony that it was the express intention of the parties that the mortgage was to be a gift supports the finding of the trial court as to this fact. The presumption arising in such a transaction is that of gift. *Gest* v. *Gest*, 117 Conn. 289, 301, 167 Atl. 909; *Ward* v. *Ward*, 59 Conn. 188, 195, 196, 22 Atl. 149. As to delivery, the court could have found that the plaintiff was given and had possession of the note, which is the primary evidence of the debt. *Second National Bank* v. *Dyer*, 121 Conn. 263, 269, 184 Atl. 386.

The defendant Louis claims that the conveyance was fraudulent as against the defendants within the meaning of General Statutes, § 5984. There is no claim that Harry's use of his personal funds was in fraud of his creditors. The claim is that the assignment of the mortgage was the instrument of the fraud. It will not be disputed that Harry might honestly have purchased the mortgage and note for himself. The complaint is that it was purchased by him in his wife's name with the intent to foreclose the defendants of their rights. This was a question of fact for the trial court and has been decided adversely to the defendants on sufficient evidence. The court has found that there was no actual fraud or conspiracy to defraud, and its finding may not be disturbed.

Louis further contends that even if there was a gift the plaintiff holds the note and mortgage in trust, in part at least, for his benefit. A tenant in common who purchases an outstanding incumbrance holds it in trust subject to the election of his cotenants to contribute their equitable share and have the benefit of the purchase under certain conditions. *Scanlon* v. *Parish,* 85 Conn. 379, 381, 82 Atl. 969, and authorities therein cited. Louis further claims that when a spouse of a tenant in common is the purchaser the same trust arises. While we have not had occasion in this state to apply the rule, it is well recognized, *Robinson* v. *Lewis,* 68 Miss. 69, 71, 8 So. 258; *Biggins* v. *Dufficy,* 262 Ill. 26, 104 N. E. 180; *Abbott* v. *Williams,* 74 W. Va. 652, 82 S. E. 1097, note, 54 A. L. R. 879; 2 Tiffany, Real Property (3d Ed.), p. 292. The rule is based upon public policy in view of "the danger which lurks in allowing a wife to do what a husband could not, on account of his fiduciary relationship to the party affected." *Seymour* v. *Seymour,* 120 Misc. 525, 527, 199 N. Y. S. 23; *Robinson* v. *Lewis,* supra. We hold that as between the plaintiff and Louis there were the same duties and obligations as between Harry and Louis; *Austin* v. *Barrett,* 44 Iowa 488, 490; and that the plaintiff holds the mortgage in trust as to Louis' one-half interest, subject to the rights and obligations of such a trust. See *Kievman* v. *Grevers,* 122 Conn. 406, 189 Atl. 609. Since we cannot say what effect the application of this principle of law to the facts will have, a new trial must be ordered.

The plaintiff claims that Louis abandoned his rights under the $5000 note and mortgage. Abandonment is a question of fact; *Williamson's Appeal,* 123 Conn. 424, 428, 196 Atl. 770; and the court has not found it in this case.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.